**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

**NABEEL YOUSIF,**

    *Plaintiff,*

v.

Case No.: 2:07-cv-13769

Hon.: Patrick J. Duggan
Magistrate Judge: Steven R. Whalen

**ACUMENT GLOBAL TECHNOLOGIES, INC.,
TEXTRON FASTENING SYSTEMS, INC.,
TEXTRON, INC., PLATINUM EQUITY
ADVISORS, LLC,TFS FASTENING SYSTEMS, LLC,
and ACUMENT FASTENING SYSTEMS LLC,**

    *Defendants.*

---

## STIPULATED PROTECTIVE ORDER – PERSONNEL FILES

At a session of the Court held in the United States District Court, State of Michigan, on February 21, 2008.

PRESENT: HON. PATRICK J. DUGGAN
               U.S. DISTRICT COURT JUDGE

1.    Defendants, Acument Global Technologies, Inc., Textron Fastening Systems Inc., Textron Inc., Platinum Equity Advisors, LLC, TFS Fastening Systems LLC and Acument Fastening Systems LLC (collectively referred to as "Defendants") contend that the following documents are confidential: personnel files of Phil Berry, Arun Kapoor; Dean Higdon, Doug Hamrick, Pam Cremeens, William Stone, Chad Clifford, Dave Mroz, Shaun Hill, Joe Gray and Doug Hamrick.

2.    The personnel files listed in paragraph 1 of this Order and all information obtained from them ("Produced Pursuant to Protective Order") shall, subject to the

925.020:DVS:YOUSIF.docrovisions hereof, be used by the Party receiving it only in connection with this litigation. The files produced pursuant to this protective order shall not be used for any business, competitive or other purpose, and shall not be disclosed to any person or entity, except as expressly provided herein.

3. All materials produced pursuant to this Protective Order shall be so designated by stamping the legend at the time of its production. Inadvertent failure to designate a document as protected may be corrected by supplemental written notice given as soon as practicable. In the event that a Party receiving documents designated as Produced Pursuant to Protective Order disagrees with such a designation as to one or more documents, and in the event that the Party producing the disputed document(s) declines an informal request to voluntarily remove the protective designation from the disputed document(s), the receiving Party shall have a right to seek an Order from the Court, pursuant to noticed Motion, voiding the designation in whole or in part. However, until such a time as a Court rules that a particular document or set of documents designated as Produced Pursuant to Protective Order are not subject to protection, the Parties will continue to treat any such designated documents as protected under this Order.

4. Material which is Produced Pursuant to Protective Order, copies thereof, and the information contained therein shall be made available only to and inspected only by:

    (a) The Parties;

    (b) Counsel for the Parties in this action and their employees who are working on this litigation;

(c) The Court in this action;

(d) Court reporters at proceedings in this action;

(e) Expert witnesses and consultants who are directly employed or retained in connection with this litigation (hereinafter referred to collectively as "experts"), to the extent that such disclosure is necessary for the preparation of this case for trial or appeal, if any;

(f) Non-party witnesses identified by the Parties on their Witness Lists who have direct testimony relating to the document. If any additional non-party witnesses are to be shown the documents who have not been identified, notice shall be provided to the opposing counsel before disclosure is made;

(g) In Case Evaluation which are provided only to the participants; and

(h) To any additional persons as directed by the Court.

5. All persons (other than persons described in paragraphs 4(a)-(e) and (g)-(h) above) to whom disclosure of confidential information or material is made pursuant to paragraph 4 above, shall, prior to such disclosure, be informed of the contents of this Order and shall execute an agreement in the form of the Confidentiality Agreement attached hereto as **Exhibit "A"**. Each person shall agree, and shall be bound by this Order, not to disclose such material to anyone else except as permitted herein, and not to use it for any purpose other than trial preparation, trial or appeal of this action.

6. Material which is produced pursuant to this Protective Order, including all copies, extracts, and summaries thereof and all documents containing information taken therefrom, shall remain in the custody of counsel and shall not be provided to other persons except as necessary to prepare for trial or appeal of this action pursuant to paragraph 4 above.

7. In any deposition where a document is produced pursuant to this Protective Order is discussed with a witness, the Parties will treat the exhibit and the

relevant portions of the deposition transcript consistent with the confidentiality requirements set forth herein.

8. At the conclusion of this action, and upon request, all material marked Produced Pursuant to Protective Order (including all copies, extracts, and summaries hereof and all documents containing information taken therefrom) shall be returned to counsel for the producing Party no later than thirty (30) days of the request after the unappealed or unappealable final judgment or settlement of the present action. Counsel may mutually agree to extend the thirty (30) day period.

9. In order to permit discovery to proceed without further delay, the Parties agree that this Stipulated Protective Order shall be effective from the date on which it is executed by counsel for the Parties and shall apply and be enforceable from that date forward with respect to all discovery in this matter, including materials produced at any time after commencement of this case.

10. **Filing Protected Documents.** "Protected" documents are to be sealed in a 9 x 12 inch envelope. The envelope shall have the following information printed on its face: (1) the name of the court, (2) the title of the case, (3) the case number, (4) the name of the document, (5) the attorney's name, address and the party he or she represents (6) the following language: "Confidential Material Pursuant to Protective Order." and (7) the text, "**FILED UNDER SEAL PURSUANT TO A PROTECTIVE ORDER**" in bold, capital letters not less than one inch high. A copy of the Protective Order shall also be attached to the outside of the envelope.

11. **Procedure Upon Termination of This Action**: Sixty (60) days after the termination of this action by order or judgment, or by an appellate mandate if appealed,

the material submitted under seal pursuant to this protective order will be unsealed and placed in the public case file, unless counsel presents a proposed order directing the Clerk's Office to return them to the parties responsible for their submission. An order for the return of protected documents to the parties or attorneys who submitted them shall require counsel to maintain one archival copy of depositions exhibits, transcripts, Court exhibits and transcripts, and documents and information included in submissions to the Court.

IT IS SO ORDERED.

s/Patrick J. Duggan
Patrick J. Duggan
United States District Judge

Dated: February 21, 2008

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 21, 2008, by electronic and/or ordinary mail.

s/Marilyn Orem
Case Manager

Stipulated and Agreed to:

| | |
|---|---|
| **DIB, FAGAN AND BRAULTS, P.C.** | **VAN SUILICHEM & ASSOCIATES, P.C.** |
| By:   s/Darcie R. Brault (with consent) | By:   s/Donald A. Van Suilichem |
|     Darcie R. Brault (P43864) |     Donald A. Van Suilichem (P25632) |
| Attorneys for Plaintiff | and **Kelly A. Van Suilichem (P69902)** |
| 25892 Woodward Avenue | Attorneys for Defendants |
| Royal Oak, MI 48067-0910 | 40900 Woodward Avenue |
| Telephone: (248) 542-6300 | Suite 105 |
| Fax: (248) 542-6301 | Bloomfield Hills, MI 48304 |
| dbrault@dibandfagan.com | Telephone: (248) 644-2419 |
| | Fax: (248) 644-3963 |
| | dvslawyer@voyager.net |
| | kellyavan@aol.com |
| Dated: February 20, 2008 | Dated: February 20, 2008 |

**EXHIBIT "A"**

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

**NABEEL YOUSIF,**

    *Plaintiff,*

Case No.: 2:07-cv-13769

v.

Hon.: Patrick J. Duggan
Magistrate Judge: Steven R. Whalen

**ACUMENT GLOBAL TECHNOLOGIES, INC.,
TEXTRON FASTENING SYSTEMS, INC.,
TEXTRON, INC., PLATINUM EQUITY
ADVISORS, LLC,TFS FASTENING SYSTEMS, LLC,
and ACUMENT FASTENING SYSTEMS LLC,**

    *Defendants.*

---

| | |
|---|---|
| **VAN SUILICHEM & ASSOCIATES, P.C.**<br>By: **Donald A. Van Suilichem (P25632)**<br>and **Kelly A. Van Suilichem (P69902)**<br>Attorneys for Defendants<br>40900 Woodward Avenue<br>Suite 105<br>Bloomfield Hills, MI 48304<br>Telephone: (248) 644-2419<br>Fax: (248) 644-3963<br>dvslawyer@voyager.net<br>kellyavan@aol.com | **DIB, FAGAN AND BRAULTS, P.C.**<br>By: **Darcie R. Brault (P43864)**<br>Attorneys for Plaintiff<br>25892 Woodward Avenue<br>Royal Oak, MI 48067-0910<br>Telephone: (248) 542-6300<br>Fax: (248) 542-6301<br>dbrault@dibandfagan.com |

# CONFIDENTIALITY AGREEMENT

The undersigned having read and understood the Protective Order governing the restricted use of documents, things, and information obtained from the Parties in the above-captioned matter hereby agree to be bound by the terms thereof.

**Print Name**

**Signature**

Dated this _____ day of _____, 2008.